UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O LANGE, LT. ASIN, C/O GALE SINGKEO,<br><br>　　　　　　　　　Defendants. | Case No. C16-349 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Phillip Burton Hausken, who is currently incarcerated at the Monroe Correctional Complex - SOU (MCC), filed an application to proceed *in forma pauperis* (IFP) with a civil rights action brought under 42 U.S.C. 1983. Dkt. 1 and 6. The Court recommends **DENYING** the IFP application based on the three-strikes rule of 28 U.S.C. 1915(g), and directing plaintiff to pay the $400.00 filing fee in order to proceed with his complaint.

**DISCUSSION**

A prisoner may not proceed IFP in a civil action if he has, on three or more prior occasions, brought civil actions that were dismissed for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

A review of the Court's records reflects that at least three of the cases that plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim. In *Hausken v. Vande Weye, et al.*, plaintiff's case was dismissed as malicious and counted as a strike pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 12 in Case No. 13-5560 BHS. In *Hausken v. La Frenier*, plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *See* Dkt. 18 in Case No. 13-894 RSM. In *Hausken v. Smolech*, plaintiff's case was dismissed as malicious and counted as a strike pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 13 in Case No. 14-5037 BHS. In *Hausken v. Warner*, plaintiff's case was dismissed as malicious. *See* Dkt. 11 in Case No. 14-5072 RBL.

Therefore, plaintiff may not proceed unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status").

Although his complaint is not entirely clear, it appears that Mr. Hausken is complaining about the way in which his legal mail was handled on November 5, 2015. He acknowledges, however, that the mail to his attorney "went through." Dkt. 1-1. Therefore, it is not known what constitutional claim he seeks to pursue. In a separate sheet attached to his complaint, plaintiff contends that he qualifies for "the PLRA because [he] face[s] an eminent danger of bodily harm from Rob Adams," who threatened to beat him to death. Dkt. 1-1, at 4. Because this allegation of bodily harm appears completely unrelated to whether plaintiff's legal mail was appropriately handled and completely unrelated to the relief he seeks in this lawsuit, the Court ordered plaintiff to show cause why his IFP application should not be denied. Dkt. 9.

REPORT AND RECOMMENDATION - 2

In response, plaintiff filed a proposed order for enlargement of time, a motion, declaration and proposed order, and letter enclosing a second unsigned motion, declaration, and proposed order, and a letter.  Dkt. 10, 11, and 12.  The Court granted two more motions seeking additional time in which to respond to the Court's Order to Show Cause, giving plaintiff until June 29, 2016 to satisfy the Show Cause Order.  Dkts. 13, 20, 21  On June 27, 2016, plaintiff responded to the Court's Order to Show Cause, stating that in early March 2016, prison officials moved plaintiff to a new cell after learning plaintiff felt threatened by a fellow inmate.  Dkt. 22 at 1.

Having liberally construed the facts presented, the Court finds plaintiff is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee).  *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").  The Court thus recommends **DENYING** plaintiff's IFP application because he cannot show that he is under imminent danger of serious physical injury related to the claims raised in this lawsuit.

## CONCLUSION

Plaintiff's IFP application, Dkt. 6, should be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g), and plaintiff should be directed to pay the $400.00 filing fee in order to proceed with his complaint.

A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Wednesday, July 20, 2016.**  The Clerk should note the matter for **Friday, July 22, 2016**, as ready for the Chief District Judge's consideration if no objection is

REPORT AND RECOMMENDATION - 3

filed. If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable Chief Judge Ricardo S. Martinez.

DATED this 29th day of June, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge